**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia corporation,<br><br>                              Plaintiff,<br><br>            v.<br><br>MIDSTONE, INC., a California corporation; DEPENDABLE SOLUTIONS SO CAL, a California corporation, WARREN TARBELL, a California citizen, DAN BECHTEL, a California citizen; and CHRISTIE SCORSUR, a California citizen,<br><br>                              Defendants. | Case No.: 2:22-cv-003377-MEMF-(PVCx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [ECF NO. 13]** |

     Before the Court is a Motion to Dismiss the Seventh and Eighth Counts of Plaintiff's Complaint (ECF No. 13) filed by Defendants Midstone, Inc. and Warren Tarbell and a Notice of Joinder in the Motion to Dismiss (ECF No. 34) filed by Dependable Solutions So Cal, Dan Bechtel, and Christine Scorsur. For the reasons stated herein, the Court DENIES the Motion to Dismiss as to the fraudulent misrepresentation claim and GRANTS the Motion to Dismiss as to the fraudulent concealment claim. Plaintiff Sunrise Senior Living Management, Inc. is ORDERED to file an

1

1  Amended Complaint within 30 days of the date of this Order if it still desires to pursue the claim

2  being dismissed with leave to amend.

3

4  **BACKGROUND**

5  **I.      Factual Background[1]**

6          Plaintiff Sunrise Senior Living Management, Inc. ("Sunrise") brings this suit against

7  Defendants Midstone, Inc. ("Midstone"), Dependable Solutions So Cal ("Dependable"), Warren

8  Tarbell, Dan Bechtel, and Christie Scorsur (collectively, "Defendants"). Sunrise is a Virginia

9  corporation that manages various properties providing assisted living services to senior citizens.

10 Compl. ¶ 1. Midstone is a California corporation that is a multi-service construction company

11 specializing in senior living facilities. *Id.* ¶ 2. Dependable is a California corporation that is a

12 construction company specializing in senior living facilities. *Id.* ¶ 3.

13         Sunrise manages the following assisted living communities known as the Sunrise at Alta

14 Loma Community, Sunrise of Fullerton Community, and Sunrise of Playa Vista Community

15 (collectively, the "Communities"). *Id.* ¶ 15. Between March and April 2021, Sunrise and Midstone

16 entered into three written agreements ("Agreements") in which Midstone was to perform

17 construction work at Sunrise's Communities. *Id.* ¶¶ 16-21. Pursuant to the Playa Vista Community

18 agreement, Midstone agreed to fully complete the project for $29,835 by May 31, 2021. In the Alta

19 Loma Community agreement, Midstone agreed to fully complete the project for $65,830 by October

20 31, 2021. As for the Fullerton Community agreement, Midstone agreed to fully complete the project

21 for $69,725 by October 31, 2021. In each of these Agreements, Midstone agreed to "perform in a

22 proper and expeditious manner," and that "time is of the essence in the performance of this

23 Agreement." *Id.* ¶¶ 23-24.

24         On or around April 2021, Dan Bechtel ("Bechtel"), owner of Dependable, executed a letter

25 of intent to purchase Midstone. *Id.* ¶¶ 34, 36. Soon thereafter, Bechtel and/or Dependable became an

26 authorized user of Midstone's bank accounts. *Id.* ¶ 37. On June 9, 2021, Christie Scorsur

27 ─────────────────────

28 [1] The facts described below are taken from the factual allegations in the Complaint. ("Complaint" or Compl.") ECF No.
   1.

("Scorsur") sent an email to Sunrise on behalf of Midstone with status updates on the Communities' projects. *Id.* ¶ 40. In her email, Scorsur represented that certain materials had already been ordered for Playa Vista, that materials for Alta Loma and Fullerton would be ordered once Sunrise submitted payment, and Alta Loma and Fullerton Community projects would start no later than August 4, 2021. *Id.* ¶ 40, Ex. 4. Sunrise paid the cumulative total of the three Agreements, namely, $165,390 ("Funds"), to Midstone between June 2021 and October 2021. *Id.* ¶ 28. On or around October 7, 2021, Scorsur submitted a change of address form identifying a new address for Midstone which was identified as the address for Dependable, Bechtel, and Scorsur. *Id.* ¶ 43.  Midstone, however, failed to complete the Communities' projects by the date under the Agreements. *Id.* ¶¶ 29-31.

On February 24, 2022, Dependable and Bechtel sent correspondence informing Sunrise for the first time that Dependable and Bechtel were in possession or control of Sunrise's Funds paid to Midstone and would return the amount of $82,704 to Sunrise. *Id.* ¶ 50. Further, the correspondence stated that Scorsur, who was previously known to Sunrise as Midstone's Chief Operating Officer, was a current representative of Dependable. *Id.* ¶ 51. Sunrise terminated the Agreements on or around March 7, 2022, *Id.* ¶ 31, and on or around March 25, 2022, Sunrise demanded that Dependable and Bechtel return the entirety of the funds, but Dependable and Bechtel have refused to return any of the Funds to Sunrise. *Id.* ¶¶ 52-53.

## II.   **Procedural History**

On May 18, 2022, Sunrise filed a Complaint, alleging eight causes of actions against Defendants: (1) breach of contract; (2) unjust enrichment; (3) conversion; (4) unjust enrichment; (5) conversion; (6) intentional interference with contractual relations; (7) fraudulent misrepresentation; and (8) fraudulent concealment. *See* Compl. at 1. On June 13, 2022, Dependable and Bechtel filed an Answer (ECF No.12) to Sunrise's Complaint and a Crossclaim (collectively, "Dependable Answer") against Midstone and Warren Tarbell ("Tarbell"), alleging: (1) fraud/deceit; (2) negligent misrepresentation; (3) defamation; (4) breach of contract; (5) unjust enrichment; (6) implied contractual indemnity; and (7) equitable indemnity. *See* Dependable Answer at 14-20. Also on June 13, 2022, Midstone and Tarbell filed a Motion to Dismiss ("Mot." or "Motion") the Seventh and Eighth Counts of Sunrise's Complaint (ECF No. 13). On July 5, 2022, Dependable and Bechtel filed

a Joinder (ECF No. 34) in the Motion to Dismiss. Sunrise filed an Opposition ("Opp'n") to the Motion to Dismiss (ECF No. 25) on July 7, 2022. Midstone and Tarbell filed their Reply (ECF No. 36) in support of their Motion to Dismiss on July 8, 2022. On July 14, 2022, Midstone and Tarbell filed an Answer (ECF No. 37) to Dependable and Bechtel's Crossclaim, and a Crossclaim against Bechtel. The Court held a hearing on this matter on September 29, 2022. (ECF No. 59.)

## **MOTION TO DISMISS**

**III.    Applicable Law**

    **A.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "threadbare recitals of the elements of a cause of action." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We

accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a pleading] when justice so requires." The Ninth Circuit has held that amendments should be granted with "extreme liberality" in order to "facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the burden of persuading the court that leave should not be granted rests with the nonmoving party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). There are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his complaint, (2) undue delay, (3) bad faith, (4) prejudice to the opposing party; and (5) futility of amendment. *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

**B. Rule 9(b)**

In addition, because Plaintiff's Seventh and Eighth Counts are grounded in fraud, the Complaint must also satisfy "the heightened pleading requirements of Rule 9(b)." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Specifically, the "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess*, 317 F.3d at 1106; *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103.

/ / /

/ / /

1    IV.    **Discussion**

2          Defendants contend that the Seventh and Eighth Counts of Sunrise's Complaint—alleging

3    fraudulent misrepresentation and fraudulent concealment—should  be dismissed because those

4    causes of action fail to plead fraud with particularity and fail to state any claim for which relief may

5    be granted. Mot. at ii. Sunrise asserts that its claims have been properly pled.

6          **A. Sunrise sufficiently states a claim for fraudulent misrepresentation.**

7          Defendants seek dismissal of Sunrise's Seventh Claim for fraudulent misrepresentation

8    because: (1) Sunrise fails to state any misrepresentation made by Defendants and (2) cannot plead

9    any justifiable reliance. Mot. at 6-7.

10         To state a claim for fraudulent misrepresentation, a plaintiff must allege the following

11   elements: (1) misrepresentation by way of a false representation, concealment or non-disclosure; (2)

12   knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Green*

13   *Hills Software, Inc. v. Safeguard Scis. and SPC Priv. Eq. Partners*, 33 Fed. Appx. 893, 895 (9th Cir.

14   2002). Because a fraudulent misrepresentation claim is one that alleges fraud or mistake, it is subject

15   to the heightened pleading requirement under Rule 9(b) and must be pleaded with particularity. FED.

16   R. CIV. P. 9(b) *see also In re Stac Elecs. Securities Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (Rule

17   9(b) serves to provide defendants sufficient notice to "allow them to defend against the charge").

18   Sunrise and Defendants only dispute the following elements: (1) misrepresentation by way of false

19   representation, concealment or non-disclosure and (4) justifiable reliance.

20         Justifiable reliance requires a plaintiff to establish actual reliance which occurs when a

21   misrepresentation is "an immediate cause of [a plaintiff's] conduct, which alters his legal relations,

22   and when absent such representation, [plaintiff] would not, in all reasonable probability, have

23   entered into the contract or other transaction." *Engalla v. Permanente Med. Group, Inc.*, 938 P.2d

24   903, 919 (Cal. 1997) (quoting *Spinks v. Clark*, 82 P. 45, 47 (Cal. 1905)). Further, the plaintiff need

25   only show that the misrepresentations were material, and that a "reasonable trier of fact could infer

26   reliance from such misrepresentations." *Engalla*, 938 P.2d at 919.

27         The Complaint contains the following allegations regarding fraudulent misrepresentation:

28

106. In the June 9, 2021 Email, Scorsur, individually, on behalf of Midstone, on behalf of Dependable Solutions, and on behalf of Bechtel **represented** to Sunrise that certain materials had already been ordered for the Playa Vista Project, that materials for the Alta Loma and Fullerton Projects would be ordered once Sunrise submitted payment to Midstone, and that the work under each of the Agreements would be completed.

107. Midstone, Scorsur, Bechtel, and Dependable Solutions **knew that the representations in the June 9, 2021 Email were false**.

108. Midstone, Scorsur, Bechtel, and Dependable Solutions fraudulently and **intentionally made the misrepresentations in the June 9, 2021 Email to Sunrise with the intent that Sunrise would rely** on those misrepresentations and make advance payment to Midstone before any payments were due pursuant to the Agreements and to pay Midstone despite Midstone's failure to perform any work and intention never to perform the work required by the Agreements.

109. **Sunrise reasonably relied upon the misrepresentations by Midstone, Scorsur, Bechtel, and Dependable Solutions contained in the June 9, 2021 Email** and made advance payments to Midstone in the total amount of $165,390, which is equal to the total, cumulative amount of the Agreements.

110. Despite the receipt of Funds from Sunrise, Midstone has failed and refused to perform any of the work on any of the Agreements and has failed and refused to return any of the Funds despite demand.

111. Sunrise has **been damaged because it has made payment in the total amount of $165,390 to Midstone**, but has not received the benefit of the work at any of the Communities.

Compl. ¶¶ 106-111 (emphasis added).

Defendants argue that no misrepresentations were made to Sunrise because Sunrise is charged with knowledge of the payment term in the Agreements which stated that payment was only due upon completion of the Communities' projects. Mot. 6-7. Sunrise contends that Defendants misconstrue its fraud allegations to concern the payment term in the Agreements when it is actually alleging that Defendants' fraudulent misrepresentations consist of Defendants' statements regarding the progression of the Communities' projects and their intention to complete the Communities' projects under the Agreements. Opp'n at 3.

Rule 9(b) demands that "the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess*, 317 F.3d at 1106.  In its Complaint, Sunrise alleges the *what* as "represented to Sunrise that certain materials had already been ordered for the Playa Vista Project, that materials for the Alta Loma and Fullerton Projects would be ordered once Sunrise submitted payment to Midstone, and that the work under each of the Agreements

would be completed. " Compl. ¶ 106. Further, Sunrise alleges the *who, where,* and *when* as "In the June 9, 2021 Email, Scorsur, individually, on behalf of Midstone, on behalf of Dependable Solutions, and on behalf of Bechtel…" *Id.* Lastly, Sunrise alleges the *how* as via the June 9, 2021 Email, which itself is in the record. Therefore, the Court finds that the first element is satisfied and pleaded with particularity because its allegations are accompanied by "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106.

Defendants further argue that Sunrise cannot justifiably rely on Defendants' statements in the June 9, 2021, email because Sunrise knew it did not have to submit payment early pursuant to the payment term in the Agreements. Mot. at 7. In its opposition, Sunrise argues that justifiable reliance is established because it submitted advance payments when it relied on Defendants' statements in the June 9, 2021 email which requested advance payment to continue the Communities' projects. Opp'n at 6.

Here, Sunrise is not contending that Defendants misrepresented the payment term under the Agreements, but argues that it relied on Defendants' statements in its June 9, 2021 email when it submitted advance payment which was requested by Defendants. Opp'n at 6. Sunrise further cites to *OCM Principal* to support its contention in which the court found that plaintiffs actually relied on defendant's misrepresentations because the alleged misrepresentations and the harm claimed to have resulted therefrom have a "complete causal relationship." *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 68 Cal. Rptr. 3d 828, 855 (Ct. App. 2007). Reasonable reliance is a question of fact except in the "rare case where the undisputed facts leave no room for a reasonable difference of opinion." *OCM Principal Opportunities Fund, L.P.*, 68 Cal. Rptr. 3d at 856. As such, the Court finds that Sunrise's claim for fraudulent misrepresentation properly pleads justifiable reliance because the Complaint alleges that Sunrise submitted advance payments contrary to the payment term under the Agreements because of Defendants' request for payment to order materials for the Alta Loma and Fullerton Communities' projects and its false statements regarding the status

1  of the projects and its intentions.[2] Sunrise's reliance upon the truth of defendants' fraudulent

2  misrepresentation need not be the "sole or even predominant or decisive factor in influencing [its]

3  conduct, it is enough that representation has played a substantial part" or factor in influencing [its]

4  decision. *Engalla*, 938 P.2d at 919. Accordingly, the Court DENIES Defendants' Motion to Dismiss

5  with regard to Sunrise's claim for fraudulent misrepresentation.

6  **B. Sunrise failed to state a claim for fraudulent concealment, but should be granted leave
   to amend.**

7

8  Next, defendants seek dismissal of Sunrise's Eighth Count for fraudulent concealment

9  because: (1) Defendants did not conceal or suppress any material fact(s) regarding advance payment

10  as Sunrise is charged with knowledge of the payment term in the Agreements; and (2) Sunrise fails

11  to plead justifiable reliance. Mot. at 8. Sunrise counters that it does not allege that Defendants

12  concealed the payment term under the Agreements, but that it concealed the progress of the work on

13  the Communities' projects and that justifiable reliance is established. Opp'n at 8.

14  To state a claim for fraudulent concealment, a plaintiff must allege the following elements:

15  (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have

16  been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally

17  concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have

18  been unaware of the fact and would not have acted as [it] did had [it] known of the concealed or

19  suppressed fact, and (5) as a result of the concealment or succession of the fact, the plaintiff must

20  have sustained damage. *SCC Acquisitions Inc. v. Cent. Pac. Bank*, 143 Cal.Rptr.3d 711, 715 (Ct.

21  App. 2012) (citation omitted). Plaintiff is required to "present evidence showing that the [plaintiff]

22  would have acted differently if there had not been fraudulent concealment." *Rivera v. Philip Morris,*

23  *Inc.*, 395 F.3d 1142, 1154 (9th. Cir. 2005). Because a fraudulent concealment claim is also one that

24  alleges fraud or mistake, it is subject to the heightened pleading requirement under Rule 9(b) and

25  must be pleaded with particularity. FED. R. CIV. P. 9(b).  Sunrise and Defendants only dispute the

26  _____

27  [2] In its opposition, Sunrise adds that it "successfully worked on many other projects with Midstone regarding other
   Sunrise Communities prior to entering into the Agreements," which made its reliance on the misrepresentations

28  reasonable, Opp'n at 4, but this allegation is not found in its Complaint. Thus, the Court does consider it in determining
   whether the claims are sufficiently pleaded in the Complaint.

following elements: (1) the defendant must have concealed or suppressed a material fact and (4) the

plaintiff must have been unaware of the fact and would not have acted as [it] did had [it] known of

the concealed or suppressed fact.

Sunrise's Complaint contains the following allegations regarding fraudulent concealment:

114. Midstone, Dependable Solutions, Tarbell and Bechtel received the June 9, 2021 Email
in which Scorsur made the representations to Sunrise that certain materials had already
been ordered for the Playa Vista Project, that materials for the Alta Loma and Fullerton
Projects would be ordered once Sunrise submitted payment to Midstone, and that work
under each of the Agreements would be completed.
115. Midstone, Dependable Solutions, Tarbell and Bechtel **knew that the representations in
the June 9, 2021 Email were false**.
116. Despite their knowledge of the falsity of the statements in the June 9, 2021 Email,
Midstone, Dependable Solutions, Tarbell and **Bechtel intentionally remained silent and
fraudulently and intentionally never corrected the misrepresentations to Sunrise
with the intent that Sunrise would rely** on those misrepresentations and make advance
payment to Midstone before any payments were due pursuant to the Agreement and to
pay Midstone before any payments were due pursuant to the Agreements, and to pay
Midstone despite Midstone's failure to perform any work and intention never to perform
the work required by the Agreements.
117. **Sunrise reasonably relied upon the misrepresentations contained in the June 9,
2021 Email and the fraudulent concealments** by Midstone, Dependable Solutions,
Tarbell and Bechtel, and based on that reliance made advance payments to Midstone in
the total amount of $165,390, which is equal to the total, cumulative amount of the
Agreements.
118. Despite the receipt of Funds from Sunrise, Midstone has failed and refused to perform
any of the work on any of the Agreements and has failed and refused to return any of the
Funds despite demand.
119. Sunrise has **been damaged because it has made payment in the total amount of
$165,390 to Midstone**, but has not received the benefit of the work at any of the
Communities.

Compl. ¶¶ 114–119 (emphasis added).

California law establishes that "nondisclosure is a claim for misrepresentation in a cause of

action for fraud, and it must be pleaded with particularity under Rule 9(b)." *Kearns v. Ford Motor

Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Besides stating that Defendants "intentionally remained

silent and fraudulently and intentionally never corrected" the misrepresentations which were the

basis of Sunrise's fraudulent misrepresentation claim, Sunrise fails to state with particularity as to

the specific material facts that it alleges were concealed. Compl. ¶ 116.  In its Opposition and during

oral argument, Sunrise does point to specific material facts, namely: (1) Defendants never

progressed on the Communities' projects as it stated in the June 9, 2021 email; (2) Defendants never intended to purchase materials for Alta Loma and Fullerton Communities' projects; and (3) Defendants never intended to complete the Communities' projects. Opp'n at 3. This allegation—that these specific material facts were concealed—is not found in the Complaint. Therefore, the Court finds that Sunrise's allegations fail to meet the heightened standard under Rule 9(b).

As to the question of whether Sunrise's fraudulent concealment claim properly pleads justifiable reliance, the Court does reach this element given the Court's finding that Sunrise did not sufficiently allege what material facts were concealed or suppressed by Defendants.

Although Defendants request dismissal of Sunrise's Seventh and Eighth claims without leave to amend,  a district court should generally grant leave to amend freely. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The Court finds that the absence of bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and Sunrise's prior attempts to amend its complaint all weigh in favor of allowing amendment. First, Sunrise has not previously amended its complaint. Second, allowing amendment will not cause undue delay as the action is still at the pleadings stage. Third, there is no indication that Sunrise acted in bad faith. Fourth, there is no indication that leave to amend will prejudice Defendants. Defendants have not indicated how allowing Sunrise to include additional information in an amended complaint would prejudice the action. Lastly, the Court finds that amendment would not be futile as an amended complaint could introduce more detailed factual allegations for the Court to consider. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Sunrise's Eighth Count for fraudulent concealment with LEAVE TO AMEND.

## **CONCLUSION**

In light of the foregoing, the Court hereby ORDERS as follows:

1. The Court DENIES the Motion to Dismiss as to the Seventh Count of the Complaint;

2. The Court GRANTS the Motion to Dismiss as to the Eighth Count of the Complaint WITH LEAVE TO AMEND; and

1     3.  Sunrise is ORDERED to file a First Amended Complaint within 30 days of the

2          date of this Order if it still desires to pursue Eighth Count of the Complaint.

3

4  IT IS SO ORDERED.

5

6  Dated: September 30, 2022

7                                        MAAME EWUSI-MENSAH FRIMPONG

8                                           United States District Judge